IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 00-CR-152-TCK |
| | ) | (03-CV-816-TCK) |
| MARION A. ROWE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court are Defendant's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 95) and for leave to proceed *in forma pauperis* (Dkt. # 96). The government filed a response to the § 2255 motion (Dkt. # 105). Defendant did not file a reply to the government's response. For the reasons discussed below, the Court finds Defendant's § 2255 motion should be dismissed with prejudice as barred by the statute of limitations. The motion to proceed *in forma pauperis* is unnecessary and shall be declared moot.

*BACKGROUND*

On May 22, 2001, Defendant was found guilty by a jury of Possession of a Firearm or Ammunition After Former Conviction of a Felony in violation of 21 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 1), and Possession of a Firearm or Ammunition in Violation of a Protective Order in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2) (Count 2). See Dkt. # 35. On November 29, 2001, the Court sentenced Defendant to 105 months imprisonment on each count, to be served concurrently. See Dkt. # 64. Judgment (Dkt. # 64) was entered on December 14, 2001. Defendant appealed and on August 21, 2002, the Tenth Circuit Court of Appeals determined that Defendant's convictions on both Counts 1 and 2 constituted a double jeopardy violation. See Dkt. # 83. As a

result, the matter was remanded with instructions to vacate one of the two convictions. Id. By Order entered September 27, 2002, the Court vacated Defendant's conviction for Count 2 only, pursuant to the Tenth Circuit's directive. See Dkt. # 88. An amended judgment (Dkt. # 107), serving to memorialize *nunc pro tunc* the September 27, 2002, Order vacating Count 2, was filed of record on November 9, 2006.

On December 1, 2003, the Clerk of Court received for filing Defendant's 28 U.S.C. § 2255 motion (Dkt. # 95) and motion to proceed *in forma pauperis* (Dkt. # 96). In his § 2255 motion, Defendant alleges that he received ineffective assistance of trial and appellate counsel, and that the indictment failed to identify the elements of the crimes with which he was charged. See Dkt. # 95. On October 29, 2004, Defendant filed his amended § 2255 motion (Dkt. # 102), to add an additional claim: that he was sentenced in violation of the principles announced in Blakely v. Washington, 542 U.S. 296 (2004). In response, the government asserts, *inter alia*, that the § 2255 motion is barred by the statute of limitations. See Dkt. # 105.

## *ANALYSIS*

As a preliminary matter, the Court finds that to the extent Defendant's motion for leave to proceed *in forma pauperis* relates to payment of a filing fee, the motion is unnecessary because there is no fee for filing a § 2255 motion. For that reason, the motion to proceed *in forma pauperis* shall be declared moot

Upon review of the record for this case, the Court finds Defendant's § 2255 motion was not was not filed prior to expiration of the one-year limitations period. Prior to enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") on April 24, 1996, § 2255 contained no statute of limitations. The AEDPA amended 28 U.S.C. § 2255 by adding a time-limit provision.

Specifically, 28 U.S.C. § 2255 now provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In this case, Defendant's conviction became final for purposes of the one-year limitations period, at the latest, ninety (90) days after the Tenth Circuit affirmed his conviction, or on November 19, 2002.[1]  See United States v. Burch, 202 F.3d 1274, 1279 (10th Cir.2000) (stating that, "for purposes of § 2255, if a prisoner does not file a petition for a writ of certiorari, ... the one-year limitation begins to runs ... ninety days after this court['s]" decision).  Therefore, absent a tolling event, Defendant had to file his § 2255 motion on or before November 19, 2003, to be timely.

The Clerk of Court received Defendant's § 2255 motion for filing on December 1, 2003, or

---

[1] The mandate from the Tenth Circuit Court of Appeals directed this Court to vacate one of the two convictions and further stated that "[t]he sentence for Defendant's remaining conviction should not be disturbed." See Dkt. # 83.  Since the mandate required only a ministerial act by this Court, neither the entry of the September 26, 2002, Order nor the entry of the amended judgment memorializing the vacation of Defendant's conviction on Count 2 affected the finality of the conviction on Count 1.  Cf. Burrell v. United States, --- F.3d ---, 2006 WL 2973033 (2d Cir. Oct. 18, 2006) (since mandate from circuit court of appeals directing the dismissal of one count but affirming remaining conviction and sentence foreclosed the district court from modifying either the remaining conviction or sentence, no issue remained open for reconsideration on remand and the remand was therefore strictly ministerial and did not delay the original judgment's finality).

21 days beyond the deadline. Defendant signed the Declaration Under Penalty of Perjury on November 24, 2003. That is the earliest possible date the motion could be considered "filed." See Houston v. Lack, 487 U.S. 266 (1988). The Court finds that even if Defendant is credited with having filed the motion on November 24, 2003, the motion was filed five (5) days beyond the deadline. Defendant has not argued and the Court finds no basis for extending the limitations period applicable to the claims raised in Defendant's original motion.

To the extent Defendant's claim raised in his amended motion is based on Blakely, the Court finds no basis for extending the deadline. Defendant's conviction was final on November 19, 2002, or well before the Supreme Court issued Blakely on June 24, 2004. The Supreme Court has not made Blakely "retroactively applicable to cases on collateral review." § 2255(3). See also United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued). Therefore, Defendant's period of limitation began when his conviction became final, or on November 19, 2002, rather than the date Blakely was issued.

In addition, Defendant has not presented any justification constituting "extraordinary circumstances" warranting equitable tolling. See United States v. Willis, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). Such circumstances exist if "the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.'" Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (citation omitted). The habeas petitioner must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Miller, 141 F.3d at 978. In this case, Defendant has not provided an explanation for his lack of diligence. As a result, the Court concludes

4

that Defendant's § 2255 motion is untimely. For that reason, the motion shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 95) is **dismissed with prejudice** as time-barred.

2. Defendant's motion to proceed *in forma pauperis* (Dkt. # 96) is **declared moot**.

DATED THIS 28th DAY OF NOVEMBER, 2006.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE